UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|            v. | )   1:22-cv-00134-JDL |
| | ) |
| MATTHEW MAGNUSSON, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER ON PLAINTIFF GLADU'S MOTION FOR RECONSIDERATION**

Plaintiff Nicholas A. Gladu seeks reconsideration (ECF No. 16) of the denial of his request for a temporary restraining order (ECF No. 13). Gladu had sought to enjoin the Defendants, several prison officials and the Commissioner of the Maine Department of Corrections, "from prohibiting Plaintiff from possessing his books and magazines which were confiscated on 03/31/2022 that had been in Plaintiff's possession already for up to one and a half years" and which contained male nudity. ECF No. 13 at 1.

Gladu first argues that my conclusion that he had not complied with Federal Rule of Civil Procedure 65(b)(1)(B) was in error. Upon careful reconsideration, I conclude that Gladu is correct. Although Gladu did not certify in writing why notice to the Defendants should not be required as permitted by Rule 65(b)(1)(B), he instead certified (ECF No. 13-11) that he had served the Defendants, as is also permitted by the Rule. Therefore, he has satisfied the requirements of Rule 65(b)(1)(B).

Gladu also seeks reconsideration of my conclusion that he had not shown that, absent the requested relief, immediate and irreparable harm would occur before the

1

Defendants could be heard in opposition, but I disagree. *See* Fed. R. Civ. P. 65(b)(1)(A). "[I]rreparable injury is presumed upon a determination that the movants are likely to prevail on their First Amendment claim." *Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño*, 699 F.3d 1, 11 (1st Cir. 2012). *But see Vaquería Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 484-85 (1st Cir. 2009) ("While certain constitutional violations are more likely to bring about irreparable harm, we have generally reserved this status for 'infringements of free speech, association, privacy or other rights as to which temporary deprivation is viewed of such qualitative importance as to be irremediable by any subsequent relief.' So, it cannot be said that violations of plaintiffs' rights to due process and equal protection *automatically* result in irreparable harm." (citation omitted) (quoting *Pub. Serv. Co. of N.H. v. Town of W. Newbury*, 835 F.2d 380, 382 (1st Cir. 1987))).

Here, the record is too undeveloped to determine whether Gladu is likely to succeed on the merits and thus faces a threat of irreparable injury. *See Respect Me. PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010) ("'The fact that appellants are asserting First Amendment rights does not automatically require a finding of irreparable injury.' Whether there is any such harm is the issue that will ultimately be addressed on the merits of the case. . . . [T]he issues raised by the challenges . . . will require careful analysis, on a fully developed record." (alteration omitted) (citation omitted) (quoting *Pub. Serv. Co. of N.H.*, 835 F.2d at 382)); *Me. Republican Party v. Dunlap*, 324 F. Supp. 3d 202, 213 n.7 (D. Me. 2018) (concluding that the plaintiff "is unlikely to succeed on the merits of [a First Amendment] claim" and thus that claim "does not automatically entitle the [plaintiff] to a finding of irreparable harm"); *B & B Coastal*

2

*Enters. v. Demers*, 276 F. Supp. 2d 155, 167 (D. Me. 2003) ("Given that Plaintiff has not shown a likelihood of success on this claim, it cannot show the irreparable injury that flows from a First Amendment violation."). Additionally, the uncertainty about Gladu's likelihood of success on the merits is an independent reason to deny his request, beyond how that uncertainty interacts with his need to show irreparable harm. *See Monga v. Nat'l Endowment for the Arts*, 323 F. Supp. 3d 75, 82 (D. Me. 2018) (describing "likelihood of success on the merits" as the "sine qua non" of the temporary-restraining-order analysis (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002))).

At this stage, there has not yet been any explanation from the Defendants as to why Gladu's materials were confiscated, and there are circumstances in which prison officials would be entitled to take them. *See Josselyn v. Dennehy*, 333 F. App'x 581, 583-84 (1st Cir. 2009) (unpublished) (rejecting a challenge to a state regulation banning inmates' receipt of sexually explicit publications). More factual development of Gladu's allegations is needed before the lawfulness of what he characterizes as the "mysterious 'porn restriction'" imposed on him can be determined. ECF No. 13-9 at 2. Additionally, there is a pending motion (ECF No. 4) to revoke Gladu's in forma pauperis status based on the Defendants' assertion that Gladu has accrued three strikes under the Prison Litigation Reform Act. *See* 28 U.S.C.A. § 1915(g) (West 2022). Until that motion is resolved, it is uncertain whether this action will proceed and thus whether Gladu will prevail on the merits of his claims.

For the foregoing reasons, it is **ORDERED** that Gladu's Motion for Reconsideration (ECF No. 16) is **DENIED**.

SO ORDERED.

Dated: September 1, 2022

                                                                                                                      /s/ JON D. LEVY  
                                                            **CHIEF U.S. DISTRICT JUDGE**