UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:22-cv-00134-JDL |
| ) | |
| MATTHEW MAGNUSSON, et al., ) | |
| ) | |
| Defendants ) | |

## ORDER ON DEFENDANT'S MOTION
## TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS

Plaintiff, an inmate at the Maine State Prison, alleges Defendants improperly denied him access to certain materials he ordered through the mail and improperly confiscated other materials from his cell. In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (Order, ECF No. 3.)

Defendant Liberty moves to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (Motion, ECF No. 4.) After consideration of the parties' arguments, the Court denies Defendant's motion.

### LEGAL STANDARD

28 U.S.C. § 1915(g), a subsection of the Prisoner Litigation Reform Act of 1995, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of United States that was dismissed on the grounds that it is frivolous, malicious, or

> fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). The so called three strikes rule was enacted "[t]o help staunch a 'flood of nonmeritorious' prisoner litigation." *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020). A "strike" under section 1915(g) "hinges exclusively on the basis for the dismissal." *Id*. at 1724-25 (finding that a strike accrues for all dismissals for failure to state a claim, whether issued with or without prejudice).

## BACKGROUND

Defendant contends the following four actions count as strikes under section 1915(g).

In *Gladu v. Maine Human Rights Commission*, No. 1:21-cv-00345-JAW, Plaintiff alleged that the Commission violated his rights to due process and equal protection in its review of Plaintiff's complaints against the Maine State Prison regarding a disability. (Complaint, No. 1:21-cv-00345-JAW, ECF No. 1.) Following a review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a), the Court dismissed Plaintiff's complaint for failure to state a claim. (Recommended Decision, No 1:21-cv-00345-JAW, ECF No. 9; Order Affirming, No. 1:21-cv-00345-JAW, ECF No. 11.) Plaintiff appealed from the Court's decision to the First Circuit. The appeal is pending. *See Gladu v. Me. Human Rights Comm'n*, No. 1:21-cv-00345-JAW, 2022 WL 263333 (Jan. 28, 2022), appeal docketed, No. 22-1249 (1st Cir. Apr. 1, 2022).)

In *Gladu v. Waltz*, No. 1:18-cv-00275-GZS, Plaintiff appealed from multiple interlocutory orders of the Court. The appellants moved to dismiss the appeal, which

motion the First Circuit granted.[1] *Gladu v. Waltz*, No. 19-2220, slip op. 117791239 (1st Cir. Sept. 27, 2021).[2] The First Circuit wrote that Plaintiff's "assertion of jurisdiction in this interlocutory appeal is frivolous."[3] The First Circuit declined to determine whether dismissal of the appeal qualified as a strike against Plaintiff "for purposes of his ability to proceed in forma pauperis in further cases pursuant to 28 U.S.C. § 1915(g)." *Id.*

Plaintiff also filed with the First Circuit two separate petitions for writs of mandamus, *In re: Nicholas A. Gladu*, No. 21-1639, and *In re: Nicholas A. Gladu*, No. 21-1959. Plaintiff sought the writs because of alleged delays by the Court in arranging service upon the defendants and in ruling on various submissions by Plaintiff in *Gladu v. Maine Department of Corrections*, No. 1:20-cv-00449-JDL. In one sentence, the First Circuit summarily denied Plaintiff's first petition (requesting a writ to direct the district court to arrange for service), citing *In re Cargill, Inc.*, 66 F.3d 1256, 1260 (1st Cir. 1995). *In re: Nicholas A. Gladu*, No. 21-1639, slip op. 117783832 (1st Cir. Sept. 8, 2021). The First Circuit also denied Plaintiff's second petition (requesting a writ to direct the district court "to timely act upon the screening of petitioner's complaint and entertain outstanding pleadings filed"), stating that it saw "no undue delay in the district court proceedings" that would justify the grant of the "extraordinary relief" of mandamus. *In re: Nicholas A.*

---

[1] Plaintiff moved to dismiss the appeal voluntarily after the appellants filed their motion.

[2] "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990)). The Court therefore grants Defendant's request that it take judicial notice of Plaintiff's proceedings in the First Circuit Court of Appeals.

[3] The Court cited to and quoted the Supreme Court's decision *Nietzke v. Williams*, 490 U.S. 319, 324-25 (1989), which defined a "frivolous" pleading as one that lacks "an arguable basis either in law or in fact."

3

*Gladu*, No. 21-1959, slip op. 117817277 (1st Cir. Dec. 2, 2021) (citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)).

## DISCUSSION

Plaintiff appropriately concedes the Court's dismissal in *Gladu v. Maine Human Rights Commission*, No. 1:21-cv-00345-JAW, counts as a strike under the three-strikes rule. (*See* Opposition at 2, ECF No. 23.) Plaintiff's pending appeal does not alter the applicability of section 1915(g). A dismissal "on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Plaintiff requests that the Court stay the present matter until the First Circuit issues its decision on the appeal. (Opposition at 2.) As the Supreme Court has explained, however, not counting a dismissal as a strike "because of a pending appeal would produce a leaky filter," since appeals take time, and while an appeal is pending, "a prisoner could file many lawsuits, including additional lawsuits that are frivolous, malicious, or fail to state a claim …." *Id*. at 539. The Court, therefore, denies Plaintiff's request for a stay. (Motion to Stay, ECF No. 24.)

The First Circuit's dismissal of Plaintiff's appeal in *Gladu v. Waltz*, No. 19-2220, slip op. 117791239 (1st Cir. Sept. 27, 2021), where the Court explicitly stated that Plaintiff's attempted assertion of jurisdiction was "frivolous," also counts as a strike under section 1915(g). An appeal dismissed on the grounds that it was frivolous is within the three-strikes rule, including when the dismissal is based on jurisdictional grounds. *See De La Garza v. De La Garza*, 91 Fed. App'x 508, 509 (7th Cir. 2004) ("Although dismissal

for want of jurisdiction is not a ground specifically enumerated in § 1915(g), a strike is nevertheless permissible when the assertion of jurisdiction is frivolous.")

The question is whether the denial of a request for a writ of mandamus qualifies as a strike under section 1915(g).  Neither the First Circuit nor the Supreme Court has directly addressed the question.  The Ninth Circuit has observed that most circuit courts have concluded that because a mandamus petition against the judge presiding in the underlying case "effectively operates as a form of appeal," a denial of a request for mandamus can reasonably be characterized as an appeal covered by the PLRA.  *Washington v. Los Angeles Cty. Sheriff's Dept.*, 833 F.3d 1048, 1058-59 (9th Cir. 2018) (collecting cases).  Under this approach, the issue is "whether the 'appeal' is civil in nature," which depends on "whether the underlying litigation is civil, and seeks 'relief sought in civil actions that are covered by the PLRA.'"  *Id*. at 1059 (quoting *In re Nagy*, 89 F.3d 115, 117 n.1 (2d Cir. 1996)).

This approach is sound.  "Like frivolous complaints in the district court, frivolous petitions in the courts of appeal 'tie up the courts, waste valuable judicial resources, and affect the quality of justice enjoyed by the law-abiding population.'"  *In re Grant*, 635 F.3d 1227, 1230-31 (D.C. Cir. 2011) (citing 114 Cong. Rec. 14571 (May 25, 1995) (statement of Sen. Dole)).  When a petition for a writ of mandamus is denied as "frivolous and/or non-cognizable," it counts as a strike.  *Heilman v. Deillen*, No. CV 14-6298 JVS (FFM), 2017 WL 10591881, at \*6 (C.D. Cal. Sept. 18, 2017) (*aff'd*, 2017 WL 10591880 (C.D. Cal. Nov. 17, 2017)).

Here, Plaintiff's two petitions for writs of mandamus arose from a civil lawsuit Plaintiff filed pursuant to the PLRA. The petitions, therefore, are civil in nature and potentially strikes under section 1915(g).

The First Circuit summarily denied Plaintiff's first petition. *In re: Nicholas A. Gladu*, No. 21-1639, slip op. 117783832. The case cited by the First Circuit in its order denying the petition sets forth the two elements required for mandamus to be granted: "that there is a clear entitlement to the relief requested, and that irreparable harm will likely occur if the writ is withheld." *In re Cargill, Inc.*, 66 F.3d at 1260. The First Circuit's citation to the applicable standard, without further comment, does not necessarily mean the Court found the request to be frivolous. The Court could have simply concluded that Plaintiff's request did not meet the relatively high standard necessary for a writ of mandamus to issue. Without a specific finding that the First Circuit determined the filing to be frivolous, as it did when it dismissed Plaintiff's appeal in *Gladu v. Waltz*, No. 19-2220, slip op. 117791239 (1st Cir. Sept. 27, 2021), the Court cannot conclude the First Circuit denied Plaintiff's request for the writ because the Court considered the request to be frivolous.

Similarly, the Court is not persuaded that the First Circuit's denial of Plaintiff's second request for a writ after finding "no undue delay in the district court proceedings that would justify this court in exercising its power to grant the extraordinary relief of mandamus" constitutes a finding that the request was frivolous. The First Circuit does not have to determine the request is frivolous to find that a filing did not satisfy the high standard that governs the availability of a writ of mandamus.

Defendant, therefore, has not established that Plaintiff has three strikes under section 1915(g).  Defendant's motion and Plaintiff's response, however, warrant further comment.

Plaintiff argued in part that to revoke his in forma pauperis status would be unfair because he was not notified that any prior dismissals would be considered a strike.  Prior to Defendant's motion, the Court had not designated a prior filing as a strike. Through his response to the motion, Plaintiff has had the opportunity to be heard before the Court determined whether any of the prior dismissals would be considered a strike.  Plaintiff is now on notice that the Court has determined that two of the prior dismissals count as strikes under section 1915(g).

Although Defendant did not prevail on his motion, his concerns about Plaintiff's filings are not unfounded.  In the various matters Plaintiff has filed in this Court,[4] as reflected in part by the filings in the cases discussed herein, Plaintiff has filed pleadings that can reasonably be characterized as baseless or frivolous.  A party may not submit "[g]roundless and inappropriate filings." *D'Amario v. United States*, 251 F.R.D. 63, 64 (D. Me. 2008).  "[F]rivolous filings waste judicial resources and unnecessarily delay the resolution of matters." *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 WL 2814627, at *1 (D. Me. July 2, 2019).  The Court, therefore, informs Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993) if the Court deems Plaintiff's future filings in this matter or other

---

[4] Since 2015, Plaintiff has filed eleven lawsuits in this Court.

7

matters to be baseless or frivolous.  This constitutes the "cautionary order" discussed in *Cok*.

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendant's motion to revoke Plaintiff's in forma pauperis status.  The Court also denies Plaintiff's motion to stay.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 20th day of September, 2022.