UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
|     Plaintiff | ) ) ) |
| v. | ) ) 1:22-cv-00134-JDL |
| MATTHEW MAGNUSSON, et al., | ) ) ) |
|     Defendants | ) |

## RECOMMENDED DECISION ON MOTION
## FOR PRELIMINARY INJUNCTION

Plaintiff, an inmate at the Maine State Prison, alleges Defendants improperly denied him access to certain materials he ordered through the mail and improperly confiscated other materials from his cell. Plaintiff contends Defendants' actions were inconsistent with the Department of Corrections' policies, violated his First Amendment rights, and constitute unlawful discrimination.

Plaintiff moves for a preliminary injunction to order Defendants to permit him to regain possession of the materials confiscated from his cell. Following a review of the record and after consideration of Plaintiff's arguments, I recommend the Court deny Plaintiff's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts that he ordered through the mail several adult publications, which Defendants have withheld from him. (Amended Complaint ¶¶ 10, 15-16, 17, 23, 27, 30-

31, 33, 40, 42, ECF No. 11.)[1] Plaintiff alleges he objected to the denial of his access to the publications, in part, by showing an officer similar material that Defendants had permitted Plaintiff to possess in his cell. (*Id.* ¶ 52.) While moving Plaintiff to the segregation unit at the prison, officers confiscated the adult publication previously in Plaintiff's possession. (*Id.* ¶ 55.)

Plaintiff filed with his complaint a motion to proceed without the prepayment of fees and costs. (Motion to Proceed, ECF No. 2.) The Court granted Plaintiff's motion and ordered Plaintiff to file his intent to proceed. (Order Granting Motion to Proceed, ECF No. 3.) Prior to Plaintiff filing his intent to proceed and prior to any preliminary review by the Court of Plaintiff's complaint under 28 U.S.C. §§ 1915 and 1915A,[2] Defendant Randall Liberty filed a motion for an order revoking Plaintiff's in forma pauperis status. (Motion for Revocation, ECF No. 4.) The Court recently denied the motion. (Order, ECF No. 33.) Defendants have not yet been served with Plaintiff's first amended complaint.

Plaintiff moved for a temporary restraining order and preliminary injunction. (Motion for TRO & Preliminary Injunction, ECF No. 13.) On July 8, 2022, the Court

---

[1] Plaintiff filed an amended complaint several weeks after filing his original complaint. Federal Rule of Civil Procedure 15(a) states, in relevant part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Because Plaintiff has not yet served Defendants, Plaintiff is entitled to amend his complaint against Defendants as a matter of course. Plaintiff has moved to amend the complaint a second time, but the Court has not yet acted on the motion. (*See* Motion to Amend Amended Complaint, ECF No. 18.) The first amended complaint is therefore the operative complaint.

[2] Because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

denied Plaintiff's request for a temporary restraining order, finding the verified complaint and the affidavit Plaintiff submitted in support of his motion "do not 'clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*.'" (Order on Motion for TRO & Preliminary Injunction at 1, ECF No. 14) (quoting Fed. R. Civ. P. 65(b)(1)(A)) (emphasis in original).) Although Plaintiff has not served Defendants with the first amended complaint and the motion, Defendant Liberty has appeared specially and opposed the motion on jurisdictional grounds.

Plaintiff subsequently moved to amend his complaint, which motion is pending. Defendants' motion to revoke Plaintiff's in forma pauperis delayed the Court's preliminary review of Plaintiff's first amended complaint in accordance with 28 U.S.C. § 1915. Because the Court denied the motion to revoke Plaintiff's in forma pauperis status, the Court will review Plaintiff's first amended complaint in accordance with 28 U.S.C. §§ 1915 and 1915A and assess the merits of Plaintiff's motion to amend.

Although Defendants have not been formally served in this action, because Defendants Liberty opposed the motion for preliminary injunction and thus has notice of the motion, consideration of the motion at this time is appropriate.[3]

---

[3] Plaintiff argues that because Defendant Liberty did not make any substantive arguments in his response, the Court should grant the motion because it is "largely unopposed." (Reply at 2, ECF No. 17.) Regardless of the nature of Defendant's argument, the Court is obligated to assess whether Plaintiff, as the moving party, has established grounds for his request for preliminary injunction.

## DISCUSSION

The Court need not address Defendant Liberty's jurisdictional argument because Plaintiff has not established that a preliminary injunction is warranted.

When evaluating a request for injunctive relief, a court "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 & n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)).

Plaintiff contends that in depriving him of certain publications, Defendants have violated his First Amendment, Equal Protection, and Due Process rights. The publications evidently contained sexualized content. In assessing the likelihood of Plaintiff prevailing on his claim, I take judicial notice of the summary judgment record and the Court's entry of summary judgment against Plaintiff in *Gladu v. Waltz*, No. 1:18-cv-00275-GZS on a claim against officers of the Maine State Prison that is similar to the claim Plaintiff asserts in this case. While this case apparently involves different publications than those involved in *Waltz*, Plaintiff has failed to present a factual record or identified any legal authority to suggest that the impediments to his recovery in *Waltz* are not present here. Plaintiff, therefore, has not demonstrated a likelihood of success on the merits.

Because Plaintiff has not established a likelihood of success on the merits, there is no need to address the other factors in detail. "The sine qua non of [the] four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

The other factors, however, also militate against a preliminary injunction. Plaintiff has failed to demonstrate that he would be irreparably harmed without a preliminary injunction. The publications would be available to him at the conclusion of the case should he prevail, and any loss can otherwise be compensated through money damages. Furthermore, because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration," *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982), and because the pertinent prison policy implicates legitimate safety concerns, *see Gladu v. Waltz*, No. 1:18-cv-00275-GZS, Recommended Decision at 3-4, 9-10, ECF No. 286, the balancing of parties' interests and the assessment of the public interest weigh against a preliminary injunction. Accordingly, Plaintiff is not entitled to a preliminary injunction.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for a preliminary injunction.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

5

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of September, 2022.