UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00134-JDL |
| | ) | |
| MATTHEW MAGNUSSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO AMEND COMPLAINT**

Plaintiff, who is serving a sentence at the Maine State Prison, moves to amend his complaint to join Defendants' counsel as a party-defendant. (Motion to Amend, ECF No. 18.) Plaintiff contends the amendment is warranted because Defendants' counsel, Assistant Attorney General Jillian O'Brien, participated in the decision to deprive Plaintiff of the publications that are the subject of Plaintiff's claim.

When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). A "futile" amendment is one that "would fail to state a

claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In considering the sufficiency of a complaint, it is appropriate for the court to review not only a plaintiff's allegations, but also facts "gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

The record reflects and the Court takes judicial notice of the fact that Ms. O'Brien is an Assistant Attorney General and not an employee of the Maine Department of Corrections.  Plaintiff's suggestion, therefore, that Ms. O'Brien had any authority to seize Plaintiff's property or deprive him of certain publications is not plausible.  Even if Ms. O'Brien provided legal advice to the Department regarding the Department's ability to restrict certain materials in the prison environment, as Plaintiff alleged, that fact alone is generally insufficient to show the personal involvement that is necessary to establish liability under § 1983 for an alleged constitutional violation.  *See McEvoy v. Spencer*, 49

F. Supp. 2d 224, 227 (S.D.N.Y. 1999) (collecting cases suggesting § 1983 liability does not attach in similar circumstances and noting that "[i]t is well-settled that an attorney is not liable for the actions of a client simply because the attorney provided legal advice to the client. If this were not the law, a plaintiff would have to be able to invade the attorney-client privilege in order to prove his claim").[1]

In sum, Plaintiff has not asserted a plausible claim against Ms. O'Brien, and, therefore, Plaintiff's requested amendment to assert a claim against Ms. O'Brien would be futile. Accordingly, the Court denies Plaintiff's motion to amend his complaint.

### **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of December, 2022.

---

[1] Plaintiff does not allege any details that would support a finding that there was: (1) a bad-faith effort or motive to advise, (2) a special relationship between the attorney and the defendants that would make plausible an inference of more direct personal involvement, such as the prosecutor-police relationship for certain investigatory activities, *see Burns v. Reed*, 500 U.S. 478, 496 (1991) (concluding that when providing certain advice to police, prosecutors have qualified but not absolute immunity from liability), or (3) a theory of liability based not on good faith legal advice but rather on some other conduct of an attorney, *see, e.g., Miller v. Hamm*, No. CIV. CCB-10-243, 2011 WL 9185, at *15 (D. Md. Jan. 3, 2011) ("[Plaintiff] does not argue the [attorneys] are liable as a result of legal advice provided to the [defendants]. Instead, he contends [the attorneys] received the plaintiff's request for a name-clearing hearing and opted to ignore it without referring it" to the proper officials"). For the same reason, even if Plaintiff could allege facts to establish a sufficient personal involvement in the key decisions, the proposed amended complaint would likely not overcome Ms. O'Brien's qualified immunity.