UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
|    Plaintiff, | ) |
|       v. | )    1:22-cv-00134-JDL |
| MATTHEW MAGNUSSON, et al., | ) |
|    Defendants. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Plaintiff Nicholas A. Gladu, proceeding pro se, filed this action on May 9, 2022, against Defendants Matthew Magnusson, James Hancox, Randall Liberty, and various other John Does employed by the Maine Department of Corrections ("MDOC") (ECF No. 1). Gladu alleges that the Defendants violated his Fourteenth Amendment Equal Protection rights based on sexual orientation and his Fourteenth Amendment Due Process rights, and that they violated his rights under the Maine Civil Rights Act, 5 M.R.S.A. § 4682 (West 2022). He also claims that the Defendants engaged in unlawful censorship under the First Amendment, unlawful taking of property under the Fifth Amendment, conspiracy, and retaliation.

Gladu filed an Amended Complaint on May 27, 2022 (ECF No. 11). In his Amended Complaint, Gladu claims that the Maine State Prison ("MSP") hired new Media Review Officers who have intentionally interfered with his receipt of allegedly policy-compliant publications featuring male nudity and have been hostile toward him due to his sexual orientation. He alleges that MSP staff withheld delivery of

1

magazines and books that he had ordered and subsequently deemed them contraband, even though previous MSP staff had approved the same materials. Specifically, he claims that in mid-March 2022, eight books—all of which allegedly contained male nudity—were confiscated, and on March 31, 2022, prison staff confiscated an additional seven books featuring male nudity. Gladu alleges that these books had been in his possession in compliance with MDOC policy for over a year and a half. Gladu states that MSP staff gave him three different justifications for confiscating the publications, leading him to believe that (1) they were confiscated with an improper objective, (2) they were not confiscated pursuant to an official prison regulation, and (3) they were confiscated based on his sexual orientation and in retaliation for the grievances he has filed.

Gladu filed a Motion for Temporary Restraining Order and Preliminary Injunction on July 7, 2022, seeking the return of the seven books that he claims had been in his possession for one and half years (ECF No. 13). I denied this motion (ECF No. 14) on substantive and procedural grounds, and Gladu sought reconsideration (ECF No. 16). On reconsideration, I concluded that Gladu had not made a procedural error, but I again denied the motion for a temporary restraining order on the merits (ECF No. 30).

United States Magistrate Judge John C. Nivison filed his Recommended Decision on the Motion for Preliminary Injunction (ECF No. 34) with the Court on September 9, 2022, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b), recommending that the Court deny the motion. Judge Nivison took

judicial notice of the summary judgment record in *Gladu v. Waltz,* 1:18-cv-00275-GZS, 2020 WL 6385618 (D. Me. Oct. 30, 2020), a similar case where Gladu challenged the confiscation of various allegedly pornographic publications that violated prison policy. Judge Nivison concluded that Gladu "has failed to present a factual record or identified any legal authority to suggest that the impediments to his recovery in *Waltz* are not present here." ECF No. 34 at 4. Judge Nivison also noted that Gladu has not shown that he would suffer irreparable harm and that, "because the pertinent prison policy implicates legitimate safety concerns," he chose to exercise judicial restraint. *Id.* at 5 (citing to *Gladu v. Waltz,* 1:18-cv-00275-GZS, 2020 WL 6385618, at *5 (D. Me. Oct. 30, 2020)).

Judge Nivison provided notice that a party's failure to object would waive the right to *de novo* review and appeal. On October 11, 2022, Gladu filed an Objection to the Recommended Order and Request for De Novo Review (ECF No. 40), objecting to Judge Nivison's judicial notice of *Waltz* as the basis for his decision. As Gladu noted, "[i]n *Waltz*, [he] challenged the censorship of several books with adult content which were alleged to have been censored . . . due to certain materials therein that defendants alleged to be non-allowable under departmental policy (eg; penetration, bondage, etc)." ECF No. 40 at 6. In *Waltz*, the Defendants claimed that they prohibited Gladu from possessing certain publications because they expressly violated MDOC policy with "images of sexual violence and penetration and portrayed nude individuals under the age of eighteen," as well as "material that depicts bondage." No. 1:18-cv-00275-GZS, ECF No. 197 at 8. One publication was prohibited

3

because it was oversized. *Waltz,* 1:18-cv-00275-GZS, 2020 WL 6385618, at *3. The Defendants further justified the confiscation because Gladu is serving a sentence for "unlawful sexual contact of a child and possession of sexually-explicit materials." *Waltz,* 1:18-cv-00275-GZS, ECF No. 197 at 1.

In the motion before the Court here, the seven books at issue allegedly feature non-pornographic or otherwise allowable content featuring adult male nudes. Gladu claims that he ordered these seven books after the *Waltz* decision was issued and that he received the publications with receipts for allowable property, presumably because they were reviewed and deemed in compliance with prison policy. He argues that the confiscated materials are distinctly different from the sexually explicit materials in *Waltz,* and that "certain prison staff are discriminating against [him] based on his sexual orientation and attempting to claim that Gladu is suddenly banned from possessing any sexually explicit material whatsoever." ECF No. 40 at 3.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the ultimate recommendation of the Magistrate Judge, however, my decision to deny the Motion for Preliminary Injunction rests on Gladu's failure to show that he is likely to suffer irreparable harm in the absence of a preliminary injunction.

In seeking a preliminary injunction for the return of his books, Gladu contends that the books were not confiscated pursuant to a departmental policy because the "Defendants changed their rationale at least 3 times for why [his] books and

4

magazines were censored and confiscated." ECF No. 13-1 at 2. For example, staff allegedly told him that there was "a mysterious 'porn restriction' placed on [him]." ECF No. 13-9 at 2. He then concludes that "failure to abide by established procedure and standards can evince an improper objective," and "as a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm." ECF No. 13-9 at 2 (quoting *Shakur v. Selsky*, 391 F.3d 106, 116 (2d Cir. 2004)). He also claims that he "is threatened with irreparable harm because of the nature of the discrimination on the basis of sexual orientation." ECF No. 13-9 at 3. As an alternative to the return of his books, Gladu requests that the Court order the Defendants to preserve them as evidence.

"'A preliminary injunction usually will be denied if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief.'" *Bruns v. Mayhew*, 931 F. Supp. 2d 260, 274 (D. Me. 2013), *aff'd and remanded,* 750 F.3d 61 (1st Cir. 2014) (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995)). Gladu has not shown that the immediate return of his books is the only adequate legal remedy available to him, and thus has not demonstrated that he is likely to suffer irreparable harm in the absence of a preliminary injunction ordering this relief.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 34) of the Magistrate Judge is **ACCEPTED** and Gladu's Objection to the Recommended Decision (ECF No. 40) is **DISMISSED**. It is further **ORDERED** that Gladu's Motion for Preliminary Injunction (ECF No. 13) is **DENIED**.

**SO ORDERED.**

**Dated this 11th day of January, 2023**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**
