# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-cv-00134-JDL |
| | ) | |
| MATTHEW MAGNUSSON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AFFIRMING DENIAL OF MOTION TO AMEND

Plaintiff Nicholas A. Gladu, proceeding pro se, filed this action on May 9, 2022, against Defendants Matthew Magnusson, James Hancox, Randall Liberty, and various other John Does employed by the Maine Department of Corrections ("MDOC") (ECF No. 1). Gladu alleges that the Defendants have violated his Fourteenth Amendment Equal Protection rights based on sexual orientation and his Fourteenth Amendment Due Process rights, and that they have violated his rights under the Maine Civil Rights Act, 5 M.R.S.A. § 4682 (West 2022). He also claims that the Defendants engaged in unlawful censorship under the First Amendment, unlawful taking of property under the Fifth Amendment, conspiracy, and retaliation. Gladu filed an Amended Complaint on May 27, 2022 (ECF No. 11).

On August 1, 2022, Gladu filed a Motion to Amend and attached a proposed amended complaint (ECF No. 18). He seeks to add Assistant Attorney General Jillian O'Brien as a defendant based on information he allegedly discovered on June 23, 2022, arguing that she "directly participated in the unjustified censorship decision

1

and improper seizure of personal property." ECF No. 18 at 1. He also states that his proposed amendments cure previous deficiencies in the operative complaint, which he does not enumerate.

United States Magistrate Judge John C. Nivison issued an Order Denying Gladu's Motion to Amend (ECF No. 45), finding that Gladu had failed to state a claim against AG O'Brien because (1) she is not an employee of MDOC, and therefore did not have the authority to seize property or deprive Gladu of his books and magazines, and (2) even if she had provided legal advice to MDOC staff (as Gladu alleges), "that fact alone is generally insufficient to show the personal involvement that is necessary to establish liability under section 1983." ECF No. 45 at 2 (citing *McEvoy v. Spencer*, 49 F.Supp.2d 224, 227 (S.D.N.Y. 1999)). Gladu objects to the Order, arguing that Judge Nivison had (1) improperly found that AG O'Brien could not be sued and (2) denied the motion solely with regard to the allegations about AG O'Brien, without reference to the other proposed amendments (ECF No. 46). For the reasons set forth below, I affirm Judge Nivison's Order.

Upon timely objection to a magistrate judge's order on a non-dispositive motion, this court may set aside the decision only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P 71(a). "A finding is clearly erroneous 'only when, after reviewing the entire record, we are left with the definite and firm conviction that a mistake has been committed.'" *Strahan v. Coxe*, 127 F.3d 155, 172 (1st Cir. 1997) (quoting *Clement v. United States,* 980 F.2d 48, 53 (1st Cir.1992)). "[A] decision made in the absence of a basis is an abuse of discretion." *Howland v. Kilquist,* 833 F.2d

639, 646 (7th Cir.1987).  However, remand is not necessary if it "would be an 'exercise in futility.'"  *Carmichael v. Warden, Maine State Prison*, 346 F. Supp. 2d 207, 209 (D. Me. 2004) (quoting *Howland*, 833 F.2d at 646)).

Gladu is correct that Judge Nivison's Order only concludes that "Plaintiff has not asserted a plausible claim against Ms. O'Brien, and, therefore, Plaintiff's requested amendment to assert a claim against Ms. O'Brien would be futile."  ECF No. 45 at 3.  It is unclear whether Judge Nivison's decision to deny the motion rested solely on the futility of claims against AG O'Brien, or whether he also considered the merits of Gladu's other proposed amendments.  Although Judge Nivison has not yet completed the screening of the operative complaint pursuant to 28 U.S.C.A. § 1915 and 1915A (West 2022), in his Recommended Decision on Gladu's Motion for Preliminary Injunction (ECF No. 34), Judge Nivison considered both the Amended Complaint and the merits of Gladu's proposed amendments in the Motion to Amend, and concluded that Gladu had failed to show a likelihood of success on the merits.  Thus, I find that it would be an exercise in futility to remand this Order for Judge Nivison's further consideration.

It is therefore **ORDERED** that Judge Nivison's Order Denying the Motion to Amend (ECF No. 45) is **AFFIRMED** and Gladu's Objection to the Order (ECF No. 46) is **OVERRULED**.

**SO ORDERED.**

**Dated this 20th day of January, 2023.**

          /s/ Jon D. Levy
        **CHIEF U.S. DISTRICT JUDGE**