UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
| Plaintiff | ) ) ) |
| v. | ) 1:22-cv-00134-JDL |
| MATTHEW MAGNUSSON, et. al., | ) ) ) |
| Defendants | ) ) |

**RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff, an inmate at the Maine State Prison ("MSP"), alleges Defendants[1] unlawfully censored publications and deprived him of other property in violation of certain constitutional protections. Plaintiff alleges First Amendment, due process, equal protection, conspiracy, and Maine state constitutional claims. (Amended Complaint, ECF No. 11.)

Defendants moved to dismiss Plaintiff's multi-count amended complaint citing claim preclusion as to some of the counts, and the lack of sufficient facts to support other claims Plaintiff attempts to assert. (Motion to Dismiss, ECF No. 54.) Following a review of the record and after consideration of the parties' argument, I recommend the Court grant Defendants' motion.

---

[1] Defendants consist of officials of the Maine Department of Corrections.

## BACKGROUND

Plaintiff is in the custody of Maine Department of Corrections (MDOC), serving a sentence for unlawful sexual contact with a child and possession of sexually explicit materials.[2] Plaintiff alleges the Defendants have withheld or removed several sexually explicit publications from him. (Amended Complaint ¶¶ 10, 15-16, 17, 23, 27, 30-31, 33, 40, 42, ECF No. 11.) Plaintiff objected to the denial of his access to the publications and showed a corrections officer similar material that Defendants had permitted Plaintiff to possess in his cell. (*Id*. ¶ 52.) Plaintiff asserts that when he was transferred to the segregation unit at the prison, officers confiscated publications previously in Plaintiff's possession. (*Id*. ¶ 55.) Plaintiff maintains that no other prisoner at the Maine State Prison is prohibited from possessing the material. (*Id*. ¶ 53.)

In a prior action, *Gladu v. Waltz*, No. 1:18-cv-00275-GZS (the prior action), Plaintiff alleged that the defendants, who were officials at the Maine State Prison, violated his First Amendment rights when they denied him access to certain sexually explicit publications, violated due process when they denied his access to the publications, and retaliated against him by withholding his property. (No. 1:18-cv-275, ECF No. 1.) The defendants subsequently moved for summary judgment. The defendants argued that the prohibition did not constitute a constitutional violation because the Maine Department of Corrections' (MDOC) policy reasonably prohibits explicit publications and any material

---

[2] I take judicial notice of the summary judgment record and the Court's entry of summary judgment against Plaintiff in *Gladu v. Waltz*, No. 1:18-cv-00275-GZS.

that is substantially detrimental to an inmate's rehabilitation. (Defendants' Motion for Summary Judgment, ECF No. 197.)

After a review of the summary judgment record, I recommended the Court grant the defendants' motion for summary judgment because the record established (1) that the publications included content that is prohibited by MDOC policy, (2) Plaintiff had an adequate remedy for the deprivation of his personal property, and (3) the record lacked support for Plaintiff's claim that the defendants retaliated against him when they denied him access to the publications. (Recommended Decision at 10-13, ECF No. 286.) On December 14, 2020, the Court adopted the Recommended Decision and entered judgment against Plaintiff. (Amended Order, ECF No. 297; Judgment, ECF No. 298.) The First Circuit affirmed. (*Gladu v. Waltz*, No. 21-1010, 2022 WL 20437774 at *1 (Oct. 24, 2022)).

Plaintiff commenced this action on May 9, 2022. Plaintiff asserts a First Amendment claim (Count I), an Equal Protection claim (Count II), a Due Process claim (Count III), a Conspiracy claim (Count IV), a Takings claim (Count V), a state Civil Rights claim (Count VI), and a Retaliation claim (Count VII). Defendants argue the Plaintiff is precluded from bringing these claims again because he asserted the same or similar claims in the prior action. Defendants also contend Plaintiff's allegations do not support some of the alleged claims.

## DISCUSSION

**A.   Claim Preclusion – Counts I-III (First Amendment, Equal Protection, Due Process)**

Defendants argue that several claims are barred by the doctrine of res judicata. "The rules for res judicata, where a federal court is considering the effect of its own prior disposition of a federal claim on a newly brought federal claim, are a matter of federal law." *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005). "Federal claim preclusion law bars a plaintiff from litigating claims in a subsequent action that could have been, but were not, litigated in an earlier suit." *Silva v. City of New Bedford*, 660 F.3d 76, 78 (1st Cir. 2011). "[T]he elements of a [claim preclusion] defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003).

The judgment entered on the motion for summary judgment in the prior action constitutes a final judgment on the merits. In addition, the parties in the two actions are sufficiently related for purposes of claim preclusion. In the prior action, the defendants were MDOC officials who were implementing the same MDOC policy that is implicated in this case. Here, the defendants are MDOC officials who are alleged to be responsible for the application of the same policy. "[C]laim preclusion applies if the new defendant is 'closely related to a defendant from the original action—who was not named in the previous law suit,' not merely when the two defendants are in privity." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010) (quoting *Negrón–Fuentes v. UPS Supply Chain Sol.*, 532 F.3d 1, 10 (1st Cir. 2008) (collecting cases)).

Lastly, Counts I – III in this action present the same or "sufficiently identical," causes of action as some of the claims Plaintiff asserted in the prior action. In the prior action, as in this case, Plaintiff asserted First Amendment, Equal Protection, and Due Process claims based on the MDOC policy. He attempts to distinguish the prior case in part because this case involves different publications and in part because he was originally permitted to possess at least some of the materials.

In general, claim preclusion does not preclude litigation of events that occur after the date on which the plaintiff filed the prior complaint, assuming the prior claim was not amended to incorporate post-filing events. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). However, claim preclusion prevents litigation in a later action of matters that "grew out of the same nucleus of operative facts and should have been brought" in the prior action. *Aristud–González v. Government Development Bank for Puerto Rico* (GDB), 501 F.3d 24, 27 (1st Cir. 2007) (citation and internal quotation marks omitted). Where a series of related transactions are in question, a court considering a claim preclusion defense must evaluate "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 38 (1st Cir.1998).

Plaintiff contends the holding in the prior action is narrow, only affirming the policy as it applied to the publications and circumstances of that case. Defendants argue that the Court in the prior action affirmed MDOC's interest in prohibiting Plaintiff access to adult material.

The facts in both cases are related in origin and motivation. In both cases, Plaintiff challenges the authority of the MDOC to restrict his access to adult material. In the prior action, the Court determined that the MDOC policy did not violate Plaintiff's constitutional rights because the policy restricts an inmate's access to material when the prohibition "is in accord with the policy and is reasonably related to the government's legitimate penological interests." *Gladu v. Waltz*, No. 1:18-cv-00275, 2020 WL 6385618 at *5 (D. Me. Oct. 30, 2020) (citing *Amatel v. Reno*, 156 F.3d 192 (D.C. Cir. 1998)). In this case, Plaintiff challenges the application of the same policy but does not allege any facts that would distinguish the penological interests generated by Plaintiff's potential access to the publications in this case from the interests in the prior case. The mere fact that Plaintiff's claim involves different publications is insufficient for Plaintiff to avoid the consequence of claim preclusion on the same claims he asserted in the prior action (i.e., First Amendment, Equal Protection, and Due Process). *Cf. Vanaman v Marlow*, No. CV 16-00781-TUC-JCH, 2021 WL 9080142, at *10 (D. Ariz. Mar. 26, 2021), *aff'd*, No. 21-15645, 2020 WL 2751537 (9th Cir. 2022).

**B.     Issue Preclusion – Counts V, VII (Takings)**

"Issue preclusion [] bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

Plaintiff has alleged no facts that would preclude application of the Court's decision in the prior action that Plaintiff did not have a cause of action based on the confiscation of adult materials he possessed. *Gladu v. Waltz*, 2020 WL 6385618 at *7.

**C.   Failure to State a Claim – Counts IV, VII (Conspiracy, Retaliation)**

In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom," but need not "draw unreasonable inferences or credit bald assertions [or] empty conclusions." *Id.* (alteration in original) (internal quotation marks omitted); *see Bruns v. Mayhew*, 750 F.3d 61, 71 (1st Cir. 2014) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (alteration omitted) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615-16 (1st Cir. 2019)).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols*., No. 2:19-cv-00032-JDL, 2019 WL 5764661 at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Title 42 U.S.C. §§ 1985(3) and 1986 prohibit conspiracies to deprive one or more persons of the equal protection of the laws. The statutes also authorize civil rights actions against the conspirators and persons with knowledge of and power to prevent or aid in preventing such a conspiracy who fail to act. "In order to demonstrate the existence of a conspiracy under § 1985, a plaintiff must prove that the conspiracy was motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus," and "that the conspiracy was aimed at interfering with protected rights." *Maymi v. Puerto Rico Ports Auth*., 515 F.3d 20, 30 (1st Cir. 2008) (internal quotation marks omitted). Plaintiff has alleged no facts that would support a conspiracy claim against Defendants.

Plaintiff also alleges Defendants retaliated against him for his grievance activity. Plaintiff maintains Defendants prohibited his access to adult materials because he filed a formal discrimination complaint with the MDOC commissioner.

Prison officials can violate the First Amendment if they retaliate against an inmate based on the inmate's participation in protected activity. To state a claim of First Amendment retaliation, an inmate must allege (1) that the inmate engaged in conduct protected by the First Amendment; (2) that the defendant took adverse action against the inmate because of the protected conduct; and (3) that the adverse action was more than de

8

minimis, i.e., was sufficient to deter an inmate of ordinary firmness from exercising his or her first amendment rights. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011); *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999). "Because prisoner retaliation claims are 'easily fabricated [ ] and ... pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration,' courts must insist that such claims are bound up in facts, not in the gossamer strands of speculation and surmise." *Hannon*, 645 F.3d at 48 (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)).

To satisfy the causation element, Plaintiff must show that the protected activity (i.e., the filing of a complaint/grievance) "'was a substantial or motivating factor for the adverse [action].'" *Staples v. Gerry*, 923 F.3d 7, 15 (1st Cir. 2019) (quoting *Padilla-Garcia v. Rodriguez*, 212 F.3d 69, 74 (1st Cir. 2000)). Plaintiff alleges that when the media review officer denied Plaintiff access to certain sexually explicit magazines, he filed a complaint/grievance alleging the decision was based on Plaintiff's sexual orientation. (Amended Complaint ¶ 29.) Plaintiff also alleges that before he made the complaint, he was permitted to possess the sexually explicit material he was later denied. (*Id.* ¶ 60.) Plaintiff thus asserts that a deprivation of sexually explicit materials prompted the complaint and that after the complaint, he was deprived of similar material. Because Plaintiff has alleged a pre-complaint/grievance deprivation of sexually explicit material as the basis for his protected activity, he cannot plausibly allege that his complaint/grievance "was a substantial or motivating factor" in Defendants' decision to deny him access to the sexually explicit material. *Staples*, 923 F.3d at 15. Indeed, the gravamen of Plaintiff's

9

complaint is that on multiple occasions, before and after the protected activity, Defendants denied him access to sexually explicit material. Plaintiff has not alleged a plausible retaliation claim.

### D.     Supplemental Jurisdiction – Count VI

Plaintiff has also asserted a claim under the Maine Constitution. Defendants argue that because Plaintiff has not alleged an actionable federal claim, the Court should not exercise supplemental jurisdiction[3] and should dismiss the state law claim.

"The district court may decline to exercise supplemental jurisdiction over a claim . . . . if . . . the district court has dismissed all claims over which it is has original jurisdiction." 28 U.S.C. § 1367(c)(3) *see Rodríguez v. Doral Mort. Corp*., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit … will trigger the dismissal without prejudice of any supplemental state law claims."). Because the case is in the early stages, I discern no reason for the Court to exercise its supplemental jurisdiction over Plaintiff's state law claim.

---

[3] Title 28 U.S.C. § 1367, which governs the Court's exercise of its supplemental jurisdiction, provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of August, 2023.