UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00134-LEW |
| | ) | |
| MATTHEW MAGNUSSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR ASSISTANCE
IDENTIFYING UNKNOWN DEFENDANTS**

Plaintiff, who is proceeding pro se, has moved the Court for assistance in identifying the unknown individuals named as defendants in this matter. (Motion for Assistance, ECF No. 104.) Defendants Hancox and Liberty contend the relief is not required because Plaintiff has demonstrated an ability to conduct discovery and presumably has requested or could request through discovery that Defendants Hancox and Liberty identify the unknown defendants.

Courts have recognized that a pro se litigant is entitled to assistance in identifying unknown defendants. *See e.g., Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023) (citing *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997)); *Bryant v. City of Chicago*, 746 F.3d 239, 244 (7th Cir. 2014) (citing *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)). In their response to Plaintiff's motion, Defendants suggest that Plaintiff might have served discovery requests that ask the Defendant Hancox to identify the unknown defendants. If so, Plaintiff's motion might be unnecessary or premature.

Nevertheless, because the Court cannot on the current record confirm that Plaintiff's discovery requests address the issue, the Court grants in part Plaintiff's motion.  Regardless of whether Plaintiff's discovery initiatives seek the identity of the unknown defendants, to the extent Defendants Hancox and Liberty can identify the unknown defendants, Defendants Hancox and Liberty shall provide the identifying information to Plaintiff.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of June, 2024.