UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00134-LEW |
| | ) | |
| MATTHEW MAGNUSSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR RECUSAL**

Plaintiff seeks my recusal in this matter. (Motion, ECF No. 116.) After consideration of Plaintiff's motion, I deny Plaintiff's request.

**DISCUSSION**

By law, a judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." *United States v. Kelly*, 712 F.2d 884, 889 (1st Cir. 1983) (citations omitted). "The proper test … is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge [] or even necessarily in the mind of the litigant filing the motion …, but rather in the mind of the reasonable [person]." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (quoting *United States v. Cowden*, 554 F.2d 257, 265 (1st Cir. 1976)).

Plaintiff contends my recusal is warranted because, in his view, I have treated him unfairly particularly when compared with my treatment of counsel for the defendants. According to Plaintiff, I have delayed ruling on his motions but have acted promptly on motions filed by counsel for the defendants. Plaintiff maintains that the alleged different approach evidences a bias against him.

A review of the docket reveals that I have ruled on twenty-two motions filed by Plaintiff and four motions filed by Defendants. Certain procedural motions (e.g., motion to extend time) filed by each party did not require a response for me to rule and I acted on the motions very soon after filing. On some of the more substantive requests for relief, I awaited the filing of responsive and reply memoranda before ruling. The time required to rule on each motion was informed by the nature of the relief requested, the time necessary to research and assess the relevant issues and write a decision, and the other court matters for which I am responsible.[1]

I understand that Plaintiff is likely dissatisfied that I have denied many of his motions. To the extent Plaintiff contends the decisions reflect some impartiality or bias, "the mere fact of an adverse ruling" is insufficient to establish bias. *See U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988) (citing *Kelly*, 712 F.2d at 890.) This principle is consistent with the First Circuit's observation that "there is a need to prevent parties from

---

[1] A review of the docket reveals that the average number of days from the time a matter was ready for a decision (i.e., after the briefing was complete) to the date of decision is less on Plaintiff's motions (17.5 days) than on Defendants' motions (26 days).

too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *F.D.I.C. v. Sweeney*, 136 F.R.D. 216, 220 (1st Cir. 1998) (citations and internal quotation marks omitted).

In evaluating Plaintiff's request for recusal, I am mindful that a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006). After a review of the record, I find no objective basis for recusal.

## CONCLUSION

Based on the foregoing analysis, I deny Plaintiff's request for my recusal.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of June, 2024.