UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:22-cv-00134-SDN |
| | ) |
| MATTHEW MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO AMEND COMPLAINT AND MOTION TO SUBSTITUTE PARTIES**

Plaintiff, an inmate at the Maine State Prison, claims that the defendants, various employees at the prison, violated his rights under the First Amendment, discriminated against Plaintiff in violation of the Equal Protection Clause, deprived Plaintiff of due process, and violated the Maine Civil Rights Act. Defendants Hancox, Liberty, and Magnusson accepted service of Plaintiff's complaint. (Acceptance of Service, ECF No. 53.)

The matter is before the Court on (a) Plaintiff's motion to amend the current complaint to replace defendants listed as "John Doe" with Joseph Theriault, Officer Reid, and Officer A. Stanley, (ECF No. 125), and (b) Plaintiff's motion to substitute Myles Reid for Officer Reid/John Doe, Andrew Stanley for Officer A. Stanley/John Doe, and Joseph Theriault for Grievance Review Officer/John Doe. (ECF No. 134.) Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant in part Plaintiff's motion to substitute parties and deny Plaintiff's motion to amend.

## DISCUSSION[1]

When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In considering the sufficiency of a complaint, it is appropriate for the court to review not only a plaintiff's allegations, but also facts

---

[1] Because Plaintiff's motion to substitute parties can be fairly construed as supplement to the motion to amend, I consider both motions as seeking an amendment to the current complaint and, therefore, review the motions under the motion to dismiss standard.

"gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

A.   **Claim Against Joseph Theriault**

Plaintiff's proposed amended complaint alleges that Joseph Theriault is or was the Grievance Review Officer at Maine State Prison and while in that role, Mr. Theriault failed to process grievances submitted by Plaintiff. (Proposed Amended Complaint at 16, ECF No. 125-1.) Grievance review officers are ordinarily not subject to due process claims for failure to implement the grievance review process. *Gladu v. Waltz*, No. 1:18-cv-00275-GZS, 2018 WL 5315192 (D. Me. Oct. 26, 2018); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."); *Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 Fed. App'x 890, 895 (11th Cir. 2015) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Von Hallcy v. Clements*, 519 Fed. App'x 521, 523 (10th Cir. 2013) ("Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system."); *Woods v. First Corr. Med. Inc.*, 446 Fed. App'x 400, 403 (3d Cir. 2011) ("[A] prisoner has no free-standing constitutional right to an effective grievance process...."); *Butler v. Brown*, 58 Fed. App'x 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy*, 30 Fed. App'x 568, 569 – 70 (6th

3

Cir. 2002) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). Plaintiff's proposed claim against Joseph Theriault would be futile.

**B.   Counts IV-VII**

On April 25, 2024, the Court granted in part and denied in part the defendants' motion to dismiss Plaintiff's amended complaint. (Order, ECF No. 96.) In relevant part, the Court dismissed Counts IV, V, VI, and VII of Plaintiff's amended complaint. (*Id.* at 15.) In Counts IV through VII of the amended complaint, Plaintiff asserted claims of conspiracy, unauthorized taking of property, violation of Maine's Civil Rights Act, and retaliation. Plaintiff's proposed amended complaint includes Counts IV, V, VI, and VII from the amended complaint. The proposed amended complaint adds a paragraph to Count IV and a clause to Count VII but otherwise Counts IV through VII in the proposed amended complaint are the same as asserted in the amended complaint that was the subject of Defendants' motion to dismiss. (*Compare* ECF No. 125-1 *with* ECF No. 11.) The additions in the proposed amended complaint do not substantively change the claims asserted. Because the Court previously dismissed the claims, the reassertion of the claims would be futile.

**C.   The Addition of Officers Stanley and Reid**

The proposed amended complaint alleges Officers Stanley and Reid, and the other defendants, violated Plaintiff's rights pursuant to the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendments and are liable under 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*,

4

510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "For § 1983 liability to attach, each Defendant must be personally involved in the constitutional violation." *Prison Legal News v. Babeu*, 933 F. Supp. 2d 1188, 1204 (D. Ariz. 2013) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). Prison staff may be liable under section 1983 for following orders or policy that is unconstitutional. *Id.*

In his filing, Plaintiff alleges that Officers Stanley and Reid are media review officers at the prison. According to Plaintiff, Officers Stanley and Reid are biased against materials with adult male nudity, and Plaintiff began experiencing issues receiving his books and magazines after the officers became media review officers. Plaintiff alleges that both the officers cited prison policy to justify the denial of Plaintiff's books and magazines. Plaintiff also states that the officers allowed books and magazines featuring female nudity. In addition, Plaintiff alleges that Officer Reid made derogatory comments about reviewing materials with male nudity. Plaintiff's proposed allegations are more than conclusory and are sufficient to state a claim against Officers Stanley and Reid. *See Lucas v. Chalk*, 785 Fed. App'x 288, 291–92 (6th Cir. 2019) (stating that remark from prison official "would be potent evidence in support of" an Equal Protection claim); *Mulero Abreu v. Oquendo-Rivera*, 729 F. Supp. 2d 498, 523 (D.P.R. 2010) (denying motion to dismiss as to Equal Protection claim when plaintiff alleged different treatment in payroll system).

Defendants also urge the Court to deny the motion to amend because Plaintiff knew the identity and alleged involvement of Officers Stanley and Reid at the time he filed his original complaint. While Plaintiff might have known of the officers alleged involvement earlier, the Court is not persuaded that Plaintiff's prior knowledge precludes the requested

5

amendment. Plaintiff filed his motion before the deadline for amendment of the pleadings and therefore, Plaintiff's request is governed by the more liberal review standard. *See Foman*, 371 U.S. at 182; *cf Cohen v. City of Portland*, 2:21-cv-00267-NT, 2023 WL 1437811, at *1 (D. Me. Feb. 1, 2023) (imposing an "elevated" standard on motion seeking leave to amend filed after deadline for amendment of pleadings had passed). Because discovery is ongoing, I do not believe the amendment will delay the trial of the matter and I discern no undue prejudice to Defendants.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant in part Plaintiff's motion to substitute/add Andrew Stanley and Myles Reid as defendants, deny Plaintiff's motion to substitute/motion amend to name Joseph Theriault as a defendant, and deny Plaintiff's motion to amend to add Counts IV through VII.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 31st day of October, 2024.