UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:22-cv-00134-SDN |
| | ) |
| MATTHEW MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION FOR LEAVE TO
DEPOSE DEFENDANTS**

Plaintiff, who is serving a sentence at the Maine State Prison, seeks leave to conduct the depositions of four defendants, who are either current or former employees of the Maine Department of Corrections. (Motion, ECF No. 199.) As part of his request, Plaintiff asks that he be permitted to use an audio recording device rather than a stenographer to record the depositions.

Defendants oppose the request arguing (a) the applicable rules do not permit Plaintiff to conduct the depositions as proposed (e.g., not in the presence of an authorized officer in accordance with Federal Rules of Civil Procedure 28 and 30), (b) Plaintiff's possession and use of an audio recording device would not be permitted by prison rules and would present legitimate security concerns for the prison, (c) the depositions would not result in evidence in a form that could be used in motion practice or at trial, and (d) Plaintiff has other means available to obtain information from the defendants, which means do not present the concerns that the depositions would present.

## PERTINENT PROCEDURAL RULES

Federal Rule of Civil Procedure 30(b)(3)(A) provides:

> The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs.

Federal Rule of Civil Procedure 30(b)(5)(A) provides in relevant part:

> Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28.

Federal Rule of Civil Procedure 28(a) states in relevant part:

> Within the United States or a territory or insular possession subject to United States jurisdiction, a deposition must be taken before:
>
> (A) an officer authorized to administer oaths either by federal law or by the law in place of examination; or
>
> (B) a person appointed by the court where the action is pending to administer oaths and take testimony.

Federal Rule of Civil Procedure 30(b)(5)(A-C) provides:

> *Officer's Duties.*
>
> (A) *Before the Deposition.* Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:
>
>> (i) the officer's name and business address;
>>
>> (ii) the date, time, and place of the deposition;
>>
>> (iii) the deponent's name;
>>
>> (iv) the officer's administration of the oath or affirmation to the deponent; and
>>
>> (v) the identity of all persons present.

(B) *Conducting the Deposition; Avoiding Distortion.* If the deposition is recorded non-stenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)–(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.

(C) *After the Deposition.* At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

## DISCUSSION

Plaintiff proposes to conduct the depositions by use of an audio recording device that he will either purchase or borrow from the prison. He also contends that there are notaries at the prison who could administer the oath. Plaintiff's proposal, however, does not address all the requirements for a deposition under the governing rules.

First, to the extent Plaintiff's proposal would require the prison to incur any costs in connection with the depositions, Plaintiff's plan would be inconsistent with general discovery principles. "Courts have [] rejected requests that the court order the defendants to finance discovery costs for indigent litigants in civil cases. Compelling the defendants to advance discovery costs on behalf of the plaintiff would in effect force defendants to finance much of their indigent adversary's trial preparation, regardless of the outcome of the case and "distort[ ] the objective of [28 U.S.C.] section 1915." *Benitez v. Choinski*, No. 3:05CV633(JCH)(HBF), 2006 WL 276975, at * 2 (D. Conn. Feb. 2, 2006) (citations and internal quotation marks omitted).[1]

---

[1] Given Defendants' roles in the prison, which defendants include in the case, the former warden of the prison in his official capacity, any request that the prison pay some or all of the costs associated the depositions is essentially a request that Defendants pay the costs.

In addition, Plaintiff has offered no plan to address the requirements and related costs of Rule 30(b)(5)(A-C). The fact that that there might be notaries available to administer the oath is insufficient. The officer that would preside over the depositions has multiple responsibilities and typically is compensated for the services provided. Plaintiff has not demonstrated the ability to satisfy the necessary requirements of the depositions he seeks to conduct. *See Zimmerman v. Pautz*, No. 12-CV-763A(F), 2017 WL 3404757 (W.D.N.Y. Aug. 9, 2017) (denying request to conduct deposition where pro se prisoner did not demonstrate compliance with Rule 30(b)(5)(A-C)). He has also not addressed the security concerns Defendants cite.

There is "[n]o doubt a prisoner has the right to take discovery, but that right does not necessarily include conducting oral depositions of prison officials if there are compelling reasons weighing against such depositions and if the prisoner is able to obtain the necessary information by written discovery." *Bell v. Godinez*, No. 92 C 8447, 1995 WL 519970, at *2 (N.D.Ill. Aug. 30, 1995). While the Court recognizes that depositions might be Plaintiff's preferred means of discovery, even if Plaintiff could satisfy the requirements of the Rules, the Court is not convinced that Plaintiff cannot obtain the information he seeks through other means that do not present the concerns that the depositions would present.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to depose the defendants.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of January, 2025.