UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A GLADU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:22-cv-00134-SDN ) |
| MATTHEW MAGNUSSON, et al. | ) ) ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Nicholas Gladu sued various employees and administrators at the Maine State Prison ("MSP") where Mr. Gladu is incarcerated. My previous Order granting in part his motion for leave to file a Third Amended Complaint lays out the relevant factual background. *See* ECF No. 237. This Order resolves a number of Mr. Gladu's outstanding motions and objections.

Mr. Gladu's objections relate mostly to non-dispositive discovery orders. Therefore, under Federal Rule of Civil Procedure 72(a)'s deferential standard of review, I will only "modify or set aside [a] part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). I "must accept both the [Magistrate Judge's] findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [I] 'form a strong, unyielding belief that a mistake has been made.'" *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999). However, I review pure questions of law de novo. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Mixed questions of law and fact invoke a sliding scale of review pursuant to which "[t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive

1

the question, the less deferential the level of review." *In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013).

### I. Objections to Discovery Order 205 (ECF Nos. 214, 215)

On December 13, 2024, the Magistrate Judge issued an order on discovery issues. ECF No. 205. The order summarized a discovery conference held that day with the parties and stated the Magistrate Judge's conclusion that "Plaintiff is satisfied with Defendants' responses to Plaintiff's discovery requests and Plaintiff seeks no court action regarding the responses." The order required Mr. Gladu to produce certain documents he "represented he would produce during his deposition." The order also prohibited the parties from conducting any discovery other than authorized by the order.[1]

Mr. Gladu objected through two filings, one styled as a formal objection[2] and the other as a motion. ECF Nos. 214, 215. Both request the same relief, so I consider them both as objections. Mr. Gladu asks to "continue" the discovery efforts he had already commenced within the discovery period and before the December 13, 2024, discovery order. In particular, Mr. Gladu references two November 23, 2024, requests for admissions he served on Defendants Magnusson and Hancox.

The objections are moot. On June 9, 2025, the Magistrate Judge issued another discovery order allowing Mr. Gladu's requests for admissions and ordering the defendants to respond. ECF No. 259 at 2–3. In doing so, the Court granted Mr. Gladu all the relief he sought in his objections. Therefore, I overrule his objection, ECF No. 215, and deny his motion, ECF No. 214, as moot.

---

[1] The order also conditionally authorized additional discovery should the Court ultimately permit Mr. Gladu to add additional defendants. Mr. Gladu did not object to that part of the discovery order.

[2] Mr. Gladu did not initially sign his objection, ECF No. 215, but after the defendants objected, he filed a copy with his signature properly appended, ECF No. 248.

## II.  Objection to Discovery Order 211 (ECF No. 220)

On December 9, 2024, Mr. Gladu mailed the Court a request for a hearing on a discovery dispute regarding requests for production. ECF No. 209. The Court did not receive the request before the December 13, 2024, discovery conference held before the Magistrate Judge. ECF No. 204. A few days after that conference, the Court finally received Mr. Gladu's December 9th request. ECF No. 209. Therefore, on December 18, 2024, the Magistrate Judge denied Mr. Gladu's request as moot, explaining that the discovery issues Mr. Gladu raised in his request for a hearing already had been addressed at the conference. ECF No. 211. Mr. Gladu objected, claiming the December 13th discovery conference only covered unrelated discovery issues. ECF No. 220.

The objection is overruled. Since Mr. Gladu sent his request for a hearing on December 9th, the Magistrate Judge has held two separate discovery conferences. Even if the December 13th conference focused on unrelated discovery issues,[3] Mr. Gladu had a second chance at the June 9, 2025, conference to discuss his requests for production. However, Mr. Gladu did not do so, even when the Magistrate Judge expressly asked whether there was anything else Mr. Gladu hoped to discuss. I see no reason to require the Magistrate Judge to hold a *third* hearing when Mr. Gladu has already declined to avail himself of two separate opportunities to raise his concerns about the requests for production.

---

[3] While the December 13th conference focused initially on interrogatories, the Magistrate Judge asked Mr. Gladu multiple times to identify what particular information Mr. Gladu sought from defendants, without reference to any particular discovery tool. At one point, the Magistrate Judge explicitly asked Mr. Gladu whether there was "anything else" Mr. Gladu was looking for that he had not received. Still, Mr. Gladu never mentioned any requests for production. Therefore, I see nothing clearly erroneous in the Magistrate Judge's finding that he "addressed the discovery issues between the parties" at the December 13th conference. ECF No. 211.

### III.     Objection to Discovery Order 218 (ECF No. 231)

In late November 2024, Mr. Gladu moved for permission to take oral depositions of four defendants, and to use an audio recording device instead of a stenographer to record those depositions. ECF No. 199. On January 15, 2025, the Magistrate Judge denied the motion. ECF No. 218. Mr. Gladu objected. ECF No. 231.

Mr. Gladu has not demonstrated the Magistrate Judge's denial was clearly erroneous or contrary to law. To the contrary, courts regularly deny incarcerated litigants the opportunity to orally depose prison officials in light of the complex logistical and security problems such depositions pose. *See, e.g.*, *Muhammad v. Bunts*, No. 03-cv-228, 2006 WL 8442090, at *3 (N.D.W. Va. Oct. 2, 2006); *Kramer v. City of New Kensington*, No. CV 13-606, 2016 WL 406284, at *2 (W.D. Pa. Feb. 3, 2016) ("In light of the expense of oral depositions and logistical difficulties presented to an inmate proceeding pro se, it is often preferable for pro se inmates to seek discovery through depositions by written questions . . . .").

None of Mr. Gladu's particularized objections demonstrate the Magistrate Judge erred. First, Mr. Gladu claims the defendants would not bear any of the expenses associated with the deposition. He offers to purchase a recording device, or to use a recording device the prison already owns. But a recording device is not the only expense associated with conducting a deposition in prison: the prison must provide space to conduct the deposition and staff to secure the parties' safety. Second, Mr. Gladu claims a notary public could satisfy the requirements of Rule 30(b)(5) ("[A] deposition must be conducted before an officer . . . ."). I need not decide that question. Mr. Gladu only proposed that notary publics employed by MSP could serve as officers for his depositions. But he provided no indication that they were willing to do so, no evidence he could

4

compensate them for their services without the defendants bearing the cost, and no authority suggesting the Court could order those notaries to assist Mr. Gladu with his deposition. Third, as the Magistrate Judge noted, Mr. Gladu did not address any of the valid security concerns defendants raised. For example, MSP does not permit prisoners to possess recording devices in their cells to protect other prisoners' privacy. Mr. Gladu does not address that issue in his objection to the Magistrate Judge's order.

Finally, Mr. Gladu claims oral depositions are the only discovery tool that will allow him to obtain the evidence he seeks. The Magistrate Judge was "not convinced that Plaintiff cannot obtain the information he seeks through other means that do not present the concerns that the depositions would present." ECF No. 218. That is precisely the type of "fact intensive" question the Magistrate Judge is best positioned to answer. *IDC Clambakes, Inc.*, 727 F.3d at 64; *Green v. Cosby*, 160 F. Supp. 3d 431, 440 (D. Mass. 2016) ("The balancing of any burden imposed upon Deponent against Plaintiffs' need for information is the type of fact-based discovery determination which is particularly suited for deference to a magistrate judge."). Accordingly, Mr. Gladu's objection, ECF No. 231, is overruled.

## CONCLUSION

For the foregoing reasons, Mr. Gladu's motion (ECF No. 214) is **DENIED** as **MOOT**, and his objections (ECF Nos. 215, 220, and 231) are **OVERRULED**.

**SO ORDERED.**

Dated this 23rd day of June, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

5