# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A GLADU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:22-cv-00134-SDN |
| | ) |
| MATTHEW MAGNUSSON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On June 9, 2025, the Magistrate Judge held a discovery conference in this case. As relevant here, he ordered Plaintiff Nicholas Gladu to produce certain documents and respond to certain discovery requests by June 30, 2025. *See* ECF No. 259 at 1–2. He also permitted Defendants to file a motion for sanctions should Mr. Gladu fail to do so.

Mr. Gladu timely objected to the order. ECF No. 263. However, his objection does not indicate how the Magistrate Judge's order is "clearly erroneous or is contrary to law" as Rule 72(a) requires. Fed. R. Civ. P. 72(a). In reviewing a decision by a magistrate judge under this standard, a district judge "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [the district judge] 'form[s] a strong, unyielding belief that a mistake has been made.'" *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) (quoting *Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 152 (1st Cir. 1990)). Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Mixed questions of law and fact invoke a sliding scale of review pursuant to which "[t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error'

1

standard); the more law intensive the question, the less deferential the level of review." *In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013).

As I have previously explained to Mr. Gladu, orders concerning discovery and scheduling issues like this one are precisely the type of ruling best suited for deference to a magistrate judge's expertise. *See* Order, ECF No. 190. Indeed, here I see no reason to conclude the Magistrate Judge's order is clearly erroneous or contrary to law. As such, the objection is **OVERRULED**.

In light of Mr. Gladu's objection, his failure to comply with the order while his objection was pending is not sanctionable at this juncture. Nonetheless, I caution Mr. Gladu that should he continue to frustrate discovery efforts, the Defendants remain free to move for sanctions under the Magistrate Judge's order.

**SO ORDERED.**

Dated this 4th day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**