UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS GLADU, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:22-cv-00134-SDN |
| | ) |
| MATTHEW MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PENDING MOTIONS**

Plaintiff, an inmate at the Maine State Prison, claims that Defendants, various employees at the prison, violated his constitutional rights. The matter is before the Court on Plaintiff's motion for leave of court to take written depositions of Defendants, motions for protective orders, and motion for leave to file ex parte affidavits from some potential witnesses. (Motions, ECF Nos. 230, 245, 253, 267.)

Following a review of the record and after consideration of the parties' arguments, the Court denies Plaintiff's motions.

### DISCUSSION

**A.   Motion for Depositions by Written Questions**

The discovery deadline in this case was December 9, 2024. (Order, ECF No. 132.) On February 18, 2025, Plaintiff moved for leave of court to take the depositions of Defendants Magnusson, Hancox, Reid, and Stanley by written questions. (Motion, ECF No. 230.) Defendants oppose the motion. (Response, ECF No. 234.)

Plaintiff had previously moved for leave to depose Defendants orally. (Motion, ECF No. 199.) On January 15, 2025, the Court denied Plaintiff's motion. (Order, ECF No. 218; Order Overruling Objection, ECF No. 262.) While the Court has permitted some discovery after the discovery deadline, the discovery has principally been limited to completion of discovery that has already been initiated, and discovery related to new parties. (*See* Order, ECF No. 259.)

Defendants contend the Court should deny the motion in part because the formal discovery period has expired. Although Defendants' argument is not without merit, the Court notes that Plaintiff first requested leave to depose Defendants orally within the discovery period. When the Court denied his request after the discovery period expired, Plaintiff filed this motion. Plaintiff thus sought to depose Defendants within the discovery period. Under the circumstances, the timing of Plaintiff's motion is not necessarily a barrier to the requested depositions by written questions.

Depositions by written questions, however, "are generally disfavored, and rarely, if ever, used in modern litigation under any circumstances." *Foley v. Baker*, No. 21-CV-10615-AK, 2022 WL 3088049, at *2 (D. Mass. Aug. 3, 2022) (citations and internal quotation marks omitted). The process does not simply involve the submission of written questions to a deponent. Federal Rule of Civil Procedure 31 would require Plaintiff to serve the questions on the parties with a notice of deposition in advance of a deposition date. Thereafter, Defendants may serve cross-examination questions to be asked, Plaintiff may serve re-direct questions, and Defendants may serve re-cross questions. Plaintiff

would have to arrange for an officer authorized to administer oaths and take the testimony and provide all the questions to the officer. The officer would then conduct the depositions.

Plaintiff has not identified the types of questions for which he believes a deposition by written questions is necessary nor explained how he would arrange for an officer before whom the depositions by written questions would be conducted. The depositions by written questions would present some of the logistical concerns the Court cited in denying Plaintiff's request for the oral depositions of Defendants. Furthermore, Plaintiff has not identified any information that he would be able to obtain through a deposition by written questions rather than through written interrogatories. In short, the Court does not believe that this case presents one of the rare occasions where depositions by written questions is warranted. The Court, therefore, denies Plaintiff's motion.

**B.    Motions for Protective Orders**

Plaintiff asks the Court for a protective order for some potential witnesses, all currently incarcerated, to protect the witnesses from intimidation and/or retaliation by the Maine Department of Corrections and Maine State Prison staff for the witnesses' participation in this case. (Motion, ECF No. 245.) Plaintiff also seeks a protective order that would relieve him of the obligation to produce certain documents that the Court ordered him to provide to Defendants. (Motion, ECF No. 267.)

Although Rule 26(c) allows a party or person to seek a protective order related to discovery, Plaintiff's request regarding the potential witnesses is more appropriately considered under the Court's "inherent equitable powers to ensure full and fair proceedings" or a preliminary injunction under Rule 65. *See Rissman, Hendricks &*

3

*Oliverio, LLP v. MIV Therapeutics, Inc.*, No. 11-10791-MLW, 2011 WL 5025206, at *5 (D. Mass. Oct. 20, 2011); *see also Disability Rights N.J., Inc. v. Velez*, Civ. No. 10-03950(DRD), 2011 WL 2937355, at *4 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994)) ("Protective orders directed against non-parties or over material not obtained in discovery are issued pursuant to the 'inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices.'"). A protective order under the Court's inherent powers is subject to the same "good cause" standard as a Rule 26(c) protective order request. *Rissman*, 2011 WL 5025206, at *6. Because the Court agrees with Defendants that Plaintiff has not satisfied the "good cause" standard, the Court does not address whether Plaintiff is required to meet the more stringent standard of Rule 65.

Plaintiff asserts there is good cause for his motion because the witnesses have "reasonabl[e] fear" that the Maine Department of Corrections and Maine State Prison staff will intimidate them to discourage their participation in the lawsuit or retaliate against them because of their participation. Plaintiff has moved for leave to file five ex parte affidavits from potential witnesses who would presumably confirm the concerns that Plaintiff has described. (Motion, ECF No. 253.)

In support of his argument, Plaintiff relies on *Ben David v. Travisono*, where a group of prisoners filed a class action lawsuit alleging the prison rules had been suspended and they were subjected to beatings, mental abuse, inhumane and unsanitary conditions, and more. 495 F.2d 562, 563 (1st Cir. 1974). After a three-day evidentiary hearing, the district court granted the plaintiffs a protective order which in part prohibited prison officials from

4

taking any actions to retaliate against the class members. *Id.* The district court "took the position that where the purpose of an injunctive order . . . was to reassure fearful witnesses and thereby to assist the court's fact-finding, the actual likelihood of the enjoined conduct was secondary." *Id.* at 564. The First Circuit concluded that a protective order was warranted given the "unique circumstances" of the case. *Id.*

This case is distinguishable from *Ben David*. In this case, the individuals for whom the protective order is requested are not parties to the case, and the alleged facts underlying the case do not involve any unlawful or unconstitutional conduct on the part of prison staff directed against the potential witnesses. *Cf. id.* at 563–64. Plaintiff has proffered no evidence or cited any persuasive authority that would support the entry of a protective order in this case. Instead, Plaintiff argues that the witnesses fear that if they participate in the case, prison officials would limit their access to certain materials or retaliate against them in other ways. Assuming that the witnesses would confirm their belief and concerns, the evidence is insufficient to support the entry of a protective order. The Court will not presume that an individual is likely to act contrary to the law, and the subjective belief that an individual will, without more, does not constitute good cause for a protective order based on the allegations this case.[1]

---

[1] As noted above, Plaintiff filed a motion for leave to file ex parte affidavits from the potential witnesses. First, the Court would not consider an ex parte filing or issue a ruling based on an ex parte filing. In addition, for purposes of Plaintiff's motion, the Court has assumed that the witnesses would express their retaliation concerns as Plaintiff has asserted. The Court, therefore, denies Plaintiff's motion to file ex parte the affidavits.

Plaintiff separately asks the Court for a protective order that would relieve him of the obligation to produce documents that he represented he would produce, which documents the Court ordered Plaintiff to produce. (Order, ECF No. 259.) Plaintiff contends that the records are no longer available to him. Defendants question the credibility of Plaintiff's assertions. Although the Court cannot on the current record definitively find that Plaintiff in fact has access to the records, Plaintiff has not established that he cannot provide the documents that he previously represented he possessed and could produce. Plaintiff, therefore, has not demonstrated that he is entitled to a protective order. The Court notes that if Plaintiff fails to produce the documents, Plaintiff could be precluded from presenting at trial or in motion practice information that might be reflected in or related to the documents.

## CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motion to conduct depositions by written questions and Plaintiffs' motions for protective orders.[2] The Court also denies Plaintiff's motion for leave to file ex parte witness affidavits.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of September, 2025.

---

[2] Because the Court has ruled on Plaintiff's motion for a protective order, Plaintiff's motion requesting a ruling on the motion (Motion, ECF No. 276) is dismissed as moot.