UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00134-SDN |
| | ) | |
| MATTHEW MAGNUSSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON MOTION FOR SANCTIONS

Defendants ask the Court to impose sanctions due to Plaintiff's failure to produce certain documents in discovery as ordered by the Court. (Motion for Sanctions, ECF No. 306.) Following a review of the record and after consideration of the parties' arguments, the Court grants in part the motion.

### BACKGROUND

In December 2024 and June 2025, the Court ordered Plaintiff to produce documents that he referenced during his deposition, which documents Plaintiff maintained supported his legal claims. (Orders, ECF Nos. 205, 259.) As set forth in the Court's June 9, 2025, Order, the documents consisted of (a) communications between Plaintiff and Defendant Magnusson regarding the subject of Plaintiff's complaint, (b) the Maine State Prison's response to Plaintiff's grievance regarding the subject matter of Plaintiff's complaint, (c) communications between Plaintiff and any other prison officials regarding the subject matter of Plaintiff's complaint, and (d) the order or communication from the court

regarding Plaintiff's attempt to reopen a complaint that Plaintiff previously asserted. (Order After Discovery Conference at 1, ECF No. 259.)

In the June 2025 Order, the Court ordered Plaintiff to produce the documents by June 30, 2025. Plaintiff subsequently requested more time to produce the document and a protective order that would relieve him of the obligation to produce the documents. The Court granted the request for more time—extending to September 12, 2025, the deadline to produce the documents—and denied the motion for protective order.

The parties' filings regarding the motion for sanctions establish that Plaintiff has not produced the documents. Plaintiff contends, as he did when he requested the protective order, that due to the management of his files by prison personnel, he does not have access to the documents.

Defendants ask the Court to dismiss Plaintiff's claims or, in the alternative, to limit Plaintiff's ability to rely on the documents in the prosecution of his claims.

## DISCUSSION

Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions against a party for failure to cooperate in discovery. A court may under certain circumstances dismiss the action "in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).

Dismissal as a sanction should be used cautiously. As the First Circuit explained:

> Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent.

*Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id*. (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).

Here, the Court cannot conclude that the failure to provide the information warrants dismissal. However, fundamental fairness militates in favor of an order that precludes Plaintiff from relying on the documents. When a party fails to provide information in discovery, a court may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(A)(ii). On two occasions, the Court ordered Plaintiff to produce the documents, yet Plaintiff has not produced the documents. (Orders, ECF Nos. 205, 259.) More than eighteen months have passed since Plaintiff was first ordered to produce the documents and discovery has closed. Under the circumstances, an order precluding Plaintiff from relying on the documents to support his claims is reasonable.

## CONCLUSION

Following a review of the record and after consideration of the parties' filings regarding Defendants' motion for sanctions, for the reasons explained above, the Court grants in part the motion. Plaintiff may not introduce as evidence the following documents that Plaintiff referenced during his deposition: (a) communications between Plaintiff and Defendant Magnusson regarding the subject of Plaintiff's complaint, (b) the Maine State Prison's response to Plaintiff's grievance regarding the subject matter of Plaintiff's

complaint, (c) communications between Plaintiff and any other prison officials regarding the subject matter of Plaintiff's complaint, and (d) the order or communication from the court regarding Plaintiff's attempt to reopen a complaint that Plaintiff previously asserted.[1]

**NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of August, 2026.

[1] In connection with the motion for sanctions, Plaintiff filed a motion for leave to obtain evidence to support his opposition to the motion for sanctions. (Motion, ECF No. 313.) The alleged evidence relates to Plaintiff's contention that he has not had access to his file materials. As Defendants' note, Plaintiff essentially advances arguments that the Court has previously assessed. Further, regardless of the reason for Plaintiff's failure to produce the documents, it would be unreasonable to permit Plaintiff to produce and rely on the documents at this stage of the proceedings. Accordingly, the Court denies Plaintiff's motion.